**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 04-7455**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH ALAN WATSON, a/k/a "Tank",

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (CR-99-23; CA-03-381)

—————————

Submitted: August 25, 2005        Decided: August 30, 2005

—————————

Before TRAXLER and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Dismissed by unpublished per curiam opinion.

—————————

Keith Alan Watson, Appellant Pro Se. Fernando Groene, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, Robert Joseph Seidel, Jr., Assistant United States Attorney, Norfolk, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Keith Alan Watson appeals the order of the district court denying relief on his motion filed under 28 U.S.C. § 2255 (2000), and its order dismissing for lack of jurisdiction Watson's motion filed under Fed. R. Civ. P. 60(b) but characterized by the district court as a successive 28 U.S.C. § 2255 (2000) motion.

The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). Watson may satisfy this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). We have independently reviewed the record and determine that Watson has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the appeal.

In addition, we construe Watson's notice of appeal and appellate brief as a request for authorization from this court to file a second § 2255 motion. See United States v. Winestock, 340 F.3d 200, 208 (4th Cir. 2003). This court may authorize a second or successive § 2255 motion only if the applicant can show that his claims are based on (1) a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. See 28 U.S.C. §§ 2244(b)(2), 2255 (2000). The applicant bears the burden of making a prima facie showing of these requirements in his application. See In re Fowlkes, 326 F.3d 542, 543 (4th Cir. 2003). In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the motion. Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000). We conclude that Watson's claims do not satisfy either of the applicable conditions, and we, therefore, deny his implied request for authorization to file a second or successive § 2255 motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED